UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ANTONIO ARENA,

Defendants.

DECISION AND ORDER

21-MJ-671-MJP

## INTRODUCTION

**Pedersen, M.J.** This matter is before the Court to determine whether the August 5, 2022, forensic report by Miriam Kissin, Psy. D., and an addendum by Dean Cutillar, D.O., should be rejected because it was filed after the four-month period permitted by 18 U.S.C. § 4141(d)(1).

## BACKGROUND

Mr. Antonio Arena is charged with two counts in violation of Title 18 U.S.C. § 875(c) and Title 18 U.S.C. § 115(a)(1)(B) for allegedly leaving a threatening voicemail on the office phone line of a United States Congressman. (Compl., ECF No. 1.)

On September 29, 2021, the Court issued an order for a Psychiatric and Psychological examination. (Order for Exam, ECF No. 12.) On November 10, 2021, the Court received the confidential results from the exam. (Houghtalen Report, On file with the Court.) The Court shared the results with counsel and held a competency hearing on November 30, 2021. (Minute Entry, ECF No. 18.)  Both the government

and counsel for the defendant moved to have the Court commit Defendant to a treatment facility.

Pursuant to 18 U.S.C. 4241(d), the Court may:

> commit the defendant to the custody of the Attorney General [who] shall hospitalize the defendant for treatment in a suitable facility (1) for such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

18 U.S.C. 4241(d) (emphasis added). The Court found by a preponderance of evidence under 18 U.S.C. § 4241(d) that Defendant is not presently competent to stand trial and committed him "to the custody of the Attorney General for a period not to exceed 4 months to see if he can be brought back to competency." (Decision and Order at 2, Dec. 1, 2021, ECF No. 19.)

The United States did not have a bed available for Mr. Arena until one opened up at the Federal Medical Center in Ayer, Massachusetts, on March 7, 2022, three months and six days after entry of the Court's order. The U.S. Marshal for the Western District of New York had Mr. Arena transported to the facility the same day, but Mr. Arena, upon arrival, was supposedly placed in quarantine because of the COVD-19 pandemic. As previously mentioned, the doctors produced a report dated August 5, 2022, four months, four weeks, and one day following Mr. Arena's arrival at the facility, and eight months and four days following entry of the Court's commitment order.

The Court held oral argument on the issue of whether it should reject the report because it was filed outside the strict time limits imposed by Congress in 18

U.S.C. § 4241(d)(1) on August 16, 2022. Counsel and the defendant, Mr. Arena, were present.[1] The government argued that the Court should accept the report and schedule a *Sell*[2] hearing because the four-month period in subdivision (d)(1) started on March 7, 2022, upon his arrival, and the report was less than a month overdue. The defense argued that Mr. Arena should be released pending a determination of dangerousness pursuant to 18 U.S.C. § 4246. Defense counsel emphasized that § 4241(d) creates two distinct periods of time. Subsection (d)(1) allows no more than four months to assess a defendant's ability to be restored to competency. Subsection (d)(2) allows time to actually restore competency if "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward. . . ."

## STANDARD OF LAW

The sole question for this decision is whether the Bureau of Prisons so exceeded the time permitted by Congress under subdivision (d)(1) to assess and report on whether Mr. Arena could be restored to competency that the Court should reject its report. The ancillary question is whether the Court retains jurisdiction to issue an order pursuant to 18 U.S.C. § 4142(d)(2)(A).[3] Both sides cited to the Second Circuit

---

[1] Mr. Arena was still at the facility in Massachusetts and his participation was by audio connection only.

[2] *Sell v. United States*, 539 U.S. 166 (2003) (to determine whether to involuntarily administer antipsychotic drugs to render a mentally ill defendant competent to stand trial on serious criminal charges if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the trial's fairness, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests).

[3] "The Attorney General shall hospitalize the defendant for treatment in a suitable facility—…
  (2) for an additional reasonable period of time until–

case of *United States v. Magassouba*, 544 F.3d 387 (2008), and the Supreme Court case of *Jackson v. Indiana*, 406 U.S. 715 (1972).

In *Jackson*, a state court ordered that a deaf, mute, mentally incompetent defendant be held by the Indiana Department of Mental Health "until such time as that Department should certify to the court that 'the defendant is sane.'" *Jackson*, 406 U.S. at 719. The Supreme Court held that "Indiana cannot constitutionally commit the petitioner for an indefinite period simply on account of his incompetency to stand trial on the charges filed against him." *Id.* at 720. The Court found that Indiana's criminal commitment process did "not square with the Fourteenth Amendment's guarantee of due process." *Id.* at 731. At the time, the equivalent federal statute was "not dissimilar to the Indiana law," in that it permitted the commitment of a mentally incompetent defendant to be committed "'until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law.'" *Id.* at 731 (quoting the then-existing statute, 18 U.S.C. § 4246). In assessing the case, the *Jackson* court held:

> At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.
>
> We hold, consequently, that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary

---

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward…."18 U.S.C. § 4241(d)(2)(A).

4

civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant.

*Jackson*, 406 U.S. at 738.

In its 2008 decision in *United States v. Magassouba*, 544 F.3d 387 (2d Cir. 2008), the Second Circuit held that the district court was not constrained by the four-month limitation in subdivision (d)(1) to decide that additional hospitalization under subdivision (d)(2) was required to attempt to restore a defendant to competency. *Id*. at 406.

> To construe the four-month limit on the term of custodial hospitalization under § 4241(d)(1) as a four-month limit on the court's authority to order additional confinement under § 4241(d)(2)(A) thus raises due process concerns.... Thus, in the absence of a clear statement by Congress placing a time limitation on district courts' decisional authority to order § 4241(d)(2)(A) hospitalization, we decline to infer one from the evaluative confinement limit specified in § 4241(d)(1).

*Id*. at 407. "[W]e conclude that district courts do have the authority to order a defendant's additional custodial hospitalization pursuant to § 4241(d)(2)(A) even after the limited period of evaluative hospitalization under § 4241(d)(1) has expired." *Id*. at 409.

## DISCUSSION

Notwithstanding the Bureau of Prison's delay, from the case law reviewed above, the Court has authority to order hospitalization "for such reasonable period of time" until Mr. Arena's condition improves, or the charges are disposed of according to law. 18 U.S.C. § 4241(d)(2). Without medication, however, Mr. Arena is likely to continue in his present state of incompetence to stand trial. Therefore, the only

5

usefulness in additional hospitalization under (d)(2) is if medication is administered to him and it restores him to competency.

However, before any medication can be involuntarily administered, the Court must conduct a hearing to determine whether important governmental interests are at stake, that involuntary medication will significantly further those concomitant state interests, that involuntary medication is necessary to further those interests, and that the administration of drugs is medically appropriate, that is, in Mr. Arena's best medical interest considering his medical condition. *Sell v. United States*, 539 U.S. 166, 180–81 (2003). The Court is mindful of Mr. Arena's statements at the motion argument that he has tried the medications recommended in the report and has not had any benefit from them and that he fears cardiac arrest if he takes them again. The Court will require medical expert testimony concerning the side effects of any recommended medications. As for Mr. Arena's best medical interest, the Court is aware that if he cannot be restored to competency, he may face civil commitment in Massachusetts.

The government must be prepared to present evidence to meet the requirements of *Sell* at the next court date. If the Court finds that involuntary medication is appropriate, it will continue Mr. Arena's hospitalization in Massachusetts for a reasonable period. If not, the Court will order the facility doctors to examine Mr. Arena pursuant to 18 U.S.C. §§ 4142(d), 4246, and 4248.

### SPEEDY TRIAL CONSIDERATIONS

The Speedy Trial statute provides an exemption for "delay resulting from any proceeding, including examinations, to determine the mental competency … of the

6

defendant....." 18 U.S.C. § 3161(h)(1)(A). Another subdivision excludes "delay resulting from the transportation of any defendant ... to or from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F). Counsel should be prepared to discuss the speedy trial clock in this case at the next hearing.

## CONCLUSION

The Court accepts the August 5, 2022, forensic report. Pursuant to 18 U.S.C. § 4142(d)(2)(A), the Court continues Mr. Arena's hospitalization through the time necessary to hold a *Sell* hearing. Such hearing will be scheduled by separate order after the Court consults with both counselors.

DATED:    August 18, 2022
          Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

7